# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MARK FARHNER,** ) | **CASE NO.1:08CV2880** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | |
| ) | |
| **UTU DISCIPLINE INCOME** ) | **ORDER** |
| **PROTECTION PROGRAM,** ) | |
| ) | |
| Defendant. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant UTU Discipline Income Protection Program's ("DIPP") Motion for Summary Judgment (ECF #11), Plaintiff Mark Farhner's ("Farhner") Motion for Summary Judgment (ECF # 14) and Plaintiff's Motion to Strike (ECF # 17). For the following reasons, the Court grants Defendant's Motion for Summary Judgment, Denies Plaintiff's Motion for Summary Judgment and grants, in part, and denies, in part, Plaintiff's Motion to Strike.

## FACTS

The central facts of this case are not in dispute. Plaintiff was employed by the Kansas City Southern Railway as a trackman and conductor and was a member of the United Transportation Union. He purchased an insurance policy through the United Transportation Union's Discipline Income Protection Program that insured against loss of pay for suspension or discharge. The Plan provisions exclude coverage for specific suspensions and discharges. Section 3.5(b) of the Plan states:

1

**WHAT SUSPENSIONS AND DISCHARGES ARE NOT COVERED**

> 3.5(b) You will receive benefits under the Plan when you are suspended or discharged from your permanent, non-probationary employment for disciplinary reasons. You will also receive benefits under the Plan if your employer requires you to take remedial training with only "basic day" compensation and this results in a reduction in your earnings. However, the following disciplinary reasons are excluded from coverage; if you are suspended or discharged for one or more of these reasons you will **NOT** be entitled to benefits under the Plan:
>
> (1) conduct endangering the life or livelihood of a fellow employee;
> (2) unavailability for duty; sleeping on duty; missing calls;
> (3) insubordination;
> (4) misuse, theft or destruction of property of the Participant's employer;
> (5) falsification of reports;
> (6) failure to take or pass a required examination;
> (7) use, possession or evidence of intoxicants or illegal drugs while on duty or subject to duty; or
> (8) discipline due to criminal or civil court action

On July 30, 2004, Plaintiff was discharged from his employment for insubordination relating to his alleged failure to provide supporting documentation for medical leave. On August 3, 2004, Plaintiff applied for benefits under the Plan and his application was received on August 12, 2004. On September 13, 2004, the Plan Administrator denied Plaintiff's claim for benefits on the basis of the exclusion in section 3.5(b) of the Plan for insubordination. Plaintiff appealed the denial of benefits. On November 10, 2004 a Review Committee upheld the denial of benefits. On December 8, 2008, Plaintiff filed a one count Complaint for payment of benefits under ERISA.

On July 1, 2009, Plaintiff and Defendant filed their respective Motions for Summary Judgment and on July 13, 2009, both parties filed their respective Briefs in Opposition to the Summary Judgment Motions.

**Summary Judgment Motions**

Defendant moves for judgment on Plaintiff's claims, contending that the Plan gives the Administrator the discretion to interpret the Plan and to determine eligibility under the Plan. Therefore, Defendant argues the Court must apply the arbitrary and capricious standard of review. Under such review, Defendant contends the Plan Administrator's decision to deny benefits was reasonable based on the evidence presented.

Plaintiff does not dispute that the Plan gives the Administrator the discretion to interpret the Plan or determine eligibility. However, Plaintiff contends the Plan Administrator failed to exercise his discretion when he failed to consider that Plaintiff's employer's finding of insubordination was contrary to established law. Therefore, Plaintiff contends the Court's review should be *de novo*.[1]

## Standard of Review

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire &*

---

[1] Plaintiff's Motion for Summary Judgment argues that the appropriate standard of review is an arbitrary and capricious standard. In his Brief in Opposition to Defendant's Motion for Summary Judgment, Plaintiff argues for a *de novo* standard of review. Plaintiff's inconsistent arguments are not lost on the Court and it will treat Plaintiff's submissions as concurring that the arbitrary and capricious standard is the appropriate standard. Even if this Court were to consider Plaintiff's arguments to the contrary, Plaintiff provides no Sixth Circuit case law providing an exception to the arbitrary and capricious standard when the Plan gives the Administrator the discretion to interpret the Plan or determine eligibility.

3

*Rubber Co. v. Bruch,* 489 U.S. 101, 115 (1989).  If such discretionary authority is given, the arbitrary and capricious standard is appropriate.  *Morrison v. Marsh & McLennan Cos., Inc.,* 439 F.3d 295, 300 (6th Cir. 2006).  'The arbitrary and capricious standard is the least demanding form of judicial review." *Admin. Comm. of the Sea Ray Employees Stock Ownership and Profit Sharing Plan v. Robinson,* 164 F.3d 981, 989 (6th Cir.1999).  Under the arbitrary and capricious standard of review the administrators decision will be upheld if it is "rational in light of the plan's provisions."  *Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir. 1997).   Where the entity that administers an ERISA plan, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket, a conflict of interest is created, and a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits, with the significance of the factor depending upon the circumstances of the particular case. *Metropolitan Life Insurance Co., et al., v. Glenn,* 128 S. Ct. 2343 (2008).

## **Law and Analysis**

As an initial matter, the Sixth Circuit has held that summary judgment is generally an inappropriate vehicle for rendering decisions in ERISA cases involving denial of benefits claims because the Court is confined to examining only the evidence contained in the administrative record.  Therefore, the Court will not consider evidence or exhibits not presented to or considered by the Plan Administrator.  See *University Hospitals of Cleveland v. Emerson Elec. Co.,* 202 F.3d 839, 845 fn.2 (6th Cir. 2000).

Under the heading **Plan Funding and Administration**, the Plan states:

> In carrying out their respective responsibilities under the Plan, the
> Plan Administrator and other Plan fiduciaries shall have discretionary

>>authority to interpret the terms of the Plan and to determine eligibility
>>
>>for and entitlement to Plan benefits in accordance with the terms of the Plan. Any interpretation or determination made pursuant to such discretionary authority shall be given full force and effect, unless it can be shown that the interpretation or determination was arbitrary and capricious.

>There is no dispute the above plain language of the Plan expressly grants the Plan Administrator the discretion to interpret the Plan or determine eligibility.  Therefore, the Court finds that the appropriate standard of review is the arbitrary and capricious standard.  "Under this standard, we uphold the administrator's decision 'if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence.'" *Bennett v. Kemper Nat'l Servs., Inc.,* 514 F.3d 547, 552 (6th Cir.2008) (quoting *Glenn v. Metro. Life Ins. Co.,* 461 F.3d 660, 666 (6th Cir.2006)).

>The evidence in the administrative record demonstrates that the Plan Administrator denied Plaintiff's claim for benefits because he was discharged for insubordination, which is a clearly and unambiguously stated exclusion under Section 3.5 of the Plan.  Plaintiff does not dispute that the stated reason for his discharge was insubordination.  Rather, Plaintiff argues he was not required to provide the requested medical information under the Family Medical Leave Act and therefore, his discharge was unlawful.  He further contends that the evidence of his unlawful discharge was contained in the materials considered by the Plan Administrator.

>The Court does not find Plaintiff's arguments persuasive.  The Plan expressly states, "if you are suspended or discharged for one or more of these reasons you will **NOT** be entitled to benefits under the Plan."  Since insubordination is a clear and unambiguous exclusion, the Plan Administrator's denial of benefits was rational under the plain terms of the Plan.  Plaintiff offers no policy provision or law requiring the Plan Administrator to review the basis of the stated

5

reasons for discharge or discipline by the employer to determine if it was valid or not. Rather, the Plan unambiguously excludes coverage if the reason for the discharge is insubordination. Though Plaintiff seeks to litigate the lawfulness of his discharge by his employer, this is neither the case nor the forum to do so. His employer is not a party to the suit and is not the administrator of the Plan. The administrative record demonstrates that the Plan Administrator properly determined that the employer's stated reason for Plaintiff's discharge was insubordination. Because the Plan expressly precludes coverage when the reason for discharge is insubordination, the Court finds the Plan Administrator's decision to deny benefits to Plaintiff was not arbitrary or capricious.

Plaintiff asks the Court to consider the inherent conflict when a Plan Administrator is also the party responsible to paying the benefits under the Plan. While this is a factor that the Court must consider, it does not change the standard of review. Nor has Plaintiff cited the Court to any evidence indicating bias on the part of the Plan Administrator. The Court is left with examining the Plan Administrator's denial of benefits under an arbitrary and capricious standard. Because the Plan expressly excludes coverage when the reason for dismissal is insubordination and the record unequivocally demonstrates Plaintiff was terminated for insubordination, the Plan Administrator's denial of benefits was rational in light of the express terms of the Plan. Therefore, the Court grants judgment for Defendant and denies Judgment for Plaintiff.

**Plaintiff's Motion to Strike**

Attached as exhibits to Defendant's Brief in Opposition were an unreported case, a ruling by a Public Law Board finding that Plaintiff's dismissal would not be reversed, a copy of Plaintiff's Amended Complaint against his former employer in Louisiana District Court alleging

his dismissal was unlawful, a copy of the Louisiana District Court's dismissal of Plaintiff's claims against his former employer, and a copy of the Louisiana District Court's summary judgment opinion dismissing Plaintiff's claims against his former employer.  Plaintiff seeks to strike these exhibits, as the Court is limited to reviewing the administrative record in ERISA cases and may not consider evidence outside of that which was before the administrator.

Defendant contends its exhibits are not precluded from consideration as they are not factual supplements.  Instead, they are exhibits supporting Defendants legal defenses, including res judicata.  Since, according to Defendant, Plaintiff is attempting to reargue the basis for his termination, Defendant is entitled to demonstrate that Plaintiff already argued and lost the termination basis and is precluded from rearguing it in this forum.

The Court grants Plaintiff's Motion to Strike all the exhibits except the unreported case, as the Court is limited to considering the administrative record.

Therefore, the Court grants judgment in favor of Defendant and denies Plaintiff's Motion.  Furthermore, the Court grants, in part, Plaintiff's Motion to Strike and Orders stricken all exhibits to Defendant's Response to Plaintiff's Motion for Summary Judgment except the attached unreported case.

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

October 22, 2009